UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE VASQUEZ,

          Plaintiff,

vs.                                       Case No. 8:09-CV-1296-T-27MAP

TOYS "R" US-DELAWARE, INC.,

          Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the parties' second Renewed Joint Motion for Approval of Settlement (Dkt. 14), in which the parties seek approval of a settlement of Plaintiff Denise Vasquez's claims for unpaid overtime compensation, brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the dismissal of that claim with prejudice.

A compromised settlement of a plaintiff's FLSA claims must be reviewed to ensure that the agreement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352-53 (11th Cir. 1982). Additionally, the FLSA requires judicial review of the reasonableness of Plaintiff's counsel's fees to assure both that counsel is compensated adequately and that "no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009).

The settlement agreement (Dkt. 10-2) provides that Defendant will pay $31,000.00, which includes $9,000 for claimed overtime compensation, $9,000 for claimed liquidated damages, $1,000

for compensatory damages, and $12,000 in attorney's fees and costs paid to Plaintiff's counsel.[1] The parties do not represent that the amount to be paid to Plaintiff's counsel was determined independently from the amount paid to Plaintiff. Accordingly, the reasonableness of the settlement's provision for attorney's fees must be scrutinized using the lodestar approach.[2] *See Bonetti v. Embarq Mgmt. Co.*, No. 6:07-CV-1335, 2009 WL 2371407, at *3-4 (M.D. Fla. Aug. 4, 2009).

Plaintiff's counsel's Sworn Statement and Supporting Legal Argument (Dkt. 14-2) suggests a lodestar of $11,476, based on 26.9 hours at an hourly rate of $ 426.62. However, this hourly rate exceeds Plaintiff's counsel's normal hourly rate[3] of $ 400 for new employment law clients, and, based on the limited evidence submitted[4] and the Court's experience, the prevailing market rate for lawyers of similar skill and experience in similar cases. Notwithstanding, the settlement represents an excellent result and the agreed fee is reasonable. It encompasses and resolves an unfiled sexual

---

[1] Plaintiff's counsel notes that the settlement results in Plaintiff receiving $1840 more than her unliquidated overtime claim (Dkt. 12, p. 2).

[2] *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303-1304 (11th Cir. 1988).

[3] *See Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000) ("What [counsel] charges clients is powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid as 'determined by supply and demand.'") (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

[4] As evidence of the prevailing market rate, counsel presents evidence that (a) in a 2003 racial discrimination case pursuant to Title VII and 42 U.S.C. § 1981, *Serrano V. McDonald's Corp.*, 8:03-cv-1432-T-24MAP (M.D. Fla. Feb. 25, 2005), Peter Zinober was awarded $325 per hour; (b) Zinober's standard hourly rate in 2005 was $340 according to an affidavit filed in *Lentini v. Horizon Med. Group, Inc.*, No. 8:04-cv-108-T-27MSS (Dkt. 73); (c) in a 2005 FLSA action, Magistrate Judge Glazebrook, although noting that a $350 hourly rate might well exceed the reasonable hourly rate in the Orlando market for similar work performed by attorneys with similar qualifications and experience, did not find the rate (given the absence of objection and the amount of the plaintiff's recovery) grossly excessive, *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1147 (M.D. Fla. 2005); (d) in a 2002 action in the Atlanta Division of the Northern District of Georgia, *i.e.*, in a different market, *see ACLU of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) ("The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'") (quoting *Cullens v. Georgia Dep't. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)), lead counsel was awarded $245 per hour; (e) in a 2001 FLSA action, *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1319 (M.D. Fla. 2001), lead counsel was awarded $275 per hour; (f) Wil Florin *sought* $450 per hour in a 1999 Title VII action; and (g) in a state court lawsuit in 2001, Florin was awarded $400 per hour.

harassment claim in addition to Plaintiff's FLSA claim, and is, in counsel's view, "full compensation at overtime rate of every hour Plaintiff claimed and some liquidated damages as well" (Dkt. 14-2, p. 7). Further, the fee portion of the settlement exceeds the contractual amount Plaintiff agreed to under a contingency fee agreement. Id. at p. 1.

Upon consideration, the Court finds that a fee award of $ 11,476, based on a lodestar of 26.9 hours and $ 426.62 per hour, is reasonable, and that $ 524 in costs advanced by Plaintiff's counsel are likewise reasonable. Accordingly, the settlement, including the $ 12,000 attorney fee and cost amount, is fair and reasonable, and therefore approved.

Accordingly, it is **ORDERED** that the Renewed Joint Motion for Approval of Settlement (Dkt. 14) is **GRANTED**.

**DONE AND ORDERED** in chambers this 7th day of December, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record